## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS R. ROGERS, *and* | ) |
| | ) |
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., | ) ) ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) |
| GURBIR GREWAL, in his official capacity as Attorney General of New Jersey, | ) ) ) |
| | ) |
| PATRICK J. CALLAHAN, in his official capacity as Acting Superintendent of the New Jersey Division of State Police, | ) ) Civil Action No. 18-1544 ) |
| | ) |
| KENNETH J. BROWN, JR., in his official capacity as Chief of the Wall Township Police Department, | ) ) ) |
| | ) |
| JOSEPH W. OXLEY, in his official capacity as Judge of the Superior Court of New Jersey, Law Division, Monmouth County, *and* | ) ) ) |
| | ) |
| N. PETER CONFORTI, in his official capacity as Judge of the Superior Court of New Jersey, Law Division, Sussex County, | ) ) ) |
| | ) |
| *Defendants*. | ) ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

David H. Thompson*
Peter A. Patterson*
John D. Ohlendorf*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*Pro hac vice* application forthcoming

*Attorneys for Plaintiffs*

**LOCAL CIVIL RULE 10.1 STATEMENT**

The mailing addresses of the parties to this action are:

Thomas R. Rogers
3005 Clayton Dr.
Wall Township, NJ 07719

Association of New Jersey Rifle & Pistol Clubs, Inc.
5 Sicomac Road
Suite 292
North Haledon, New Jersey 07508

Gurbir Grewal
Office of the Attorney General
RJ Hughes Justice Complex
25 Market Street, Box 080
Trenton, NJ 08625

Patrick J. Callahan
Office of the Superintendent
New Jersey State Police
P.O. Box 7068
West Trenton, NJ 08628

Kenneth Brown Jr.
Wall Township Police Department
2700 Allaire Rd.
Wall Township, NJ 07719

Joseph W. Oxley, J.S.C.
Superior Court of New Jersey
Monmouth County Courthouse
71 Monument Park, 2nd Floor
Freehold, NJ 07728

N. Peter Conforti, J.S.C.
Superior Court of New Jersey
Sussex County Courthouse
43-47 High Street, 2nd Floor
Newton, NJ 07860

## INTRODUCTION

Plaintiffs Thomas R. Rogers and the Association of New Jersey Rifle & Pistol Clubs, Inc. (collectively "Plaintiffs"), by and through the undersigned attorneys, file this Complaint against the above-captioned Defendants, in their official capacities as the Attorney General of New Jersey and state and local officials responsible under New Jersey law for administering and enforcing the State's laws and regulations governing the carrying of firearms outside the home. Plaintiffs seek declaratory and injunctive relief: a declaration that New Jersey's limitation of the right to carry firearms to those who can satisfy licensing officials that they have a "justifiable need" to exercise that right is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution, and an injunction compelling Defendants to refrain from enforcing that invalid limit and to issue handgun carry permits to Plaintiffs or to otherwise allow Plaintiffs to exercise their right to carry firearms outside the home. In support of their Complaint against Defendants, Plaintiffs hereby allege as follows:

1.     The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear Arms." U.S. CONST. amend. II. When the People, by enacting that amendment, enshrined in their fundamental charter the right to "carry weapons in case of confrontation" for the "core lawful purpose of self-defense," *District of Columbia v. Heller*, 554 U.S. 570, 592, 630 (2008), they did not mean to leave the freedom to exercise that right at the mercy of the very government officials whose hands they sought to bind. No, "[t]he very enumeration of the right takes out of the hands of government . . . the power to decide on a case-by-case basis whether the right is *really worth* insisting upon." *Id.*

2.     In defiance of that constitutional guarantee, New Jersey has seized precisely the power forbidden it by the Second Amendment: the power to decide, on a case-by-case basis,

whether an applicant for a permit to "carry weapons in case of confrontation," *id.* at 592, has, in their estimation, shown a sufficiently "justifiable need" that a permit should issue, N.J.S.A. 2C:58-4(c).

3.      Worse still, New Jersey has made clear that a general desire to carry a handgun for the purpose of self-defense—"the *central component*" of the Second Amendment, *Heller*, 554 U.S. at 599 (emphasis added)—is not a sufficiently good reason to exercise the right. Instead, according to New Jersey, an ordinary citizen must establish s*pecific or serious threats or previous attacks* which put him in *special and unavoidable danger* to obtain a permit from the State to carry a firearm in public. That restriction is akin to a state law concluding that the general desire to advocate for lawful political change is not a sufficiently "justifiable need" to exercise the right to free speech, and it cuts to the very core of the Second Amendment, no less than such a restriction would gut the First.

4.      Indeed, the practical effect of New Jersey's "justifiable need" requirement is to make it wholly illegal for *typical* law-abiding citizens to carry handguns in public—for by definition, these ordinary citizens cannot show that they face a serious or specific, unavoidable threat that poses a *special* danger to their safety.

5.      Plaintiffs Rogers is an ordinary, law-abiding citizen of New Jersey who wishes to carry firearms outside the home for the purpose of self-defense. He has passed all required background checks, completed all required firearm training courses, and met every other qualification imposed by New Jersey on the eligibility for a permit to carry firearms in public—except that, like the vast majority of ordinary, law-abiding New Jersey residents, he cannot establish a unique clear and present threat to his safety. Accordingly, Defendants Brown and Oxley determined that Mr. Rogers has not shown a "justifiable need" to exercise his Second Amendment

rights, and they denied his permit application. That result simply cannot be squared with the rights guaranteed by the Second Amendment.

6.      Plaintiffs acknowledge that the result they seek is contrary to *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2014), but, for the reasons explained in *Wrenn v. District of Columbia*, 864 F.3d 650 (D.C. Cir. 2017), that case was wrongly decided. They therefore institute this litigation to vindicate their Second Amendment rights and to seek to have *Drake* overruled.

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over Plaintiffs' claim under 28 U.S.C. §§ 1331 and 1343.

8.      Plaintiffs seek remedies under 28 U.S.C. §§ 1651, 2201, and 2202 and 42 U.S.C. §§ 1983 and 1988.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2).

## PARTIES

10.     Plaintiff Thomas R. Rogers is a citizen of the United States and a resident and citizen of the State of New Jersey. He resides at 3005 Clayton Dr., Wall Township, NJ 07719.

11.     Plaintiff Association of New Jersey Rifle & Pistol Clubs, Inc. (the "ANJRPC") is a not for profit membership corporation, incorporated in the State of New Jersey in 1936 and represents its members. Its address is 5 Sicomac Road, Suite 292, North Haledon, New Jersey 07508. ANJRPC represents the interests of target shooters, hunters, competitors, outdoors people and other law abiding firearms owners. Among the ANJRPC's purposes is aiding such persons in every way within its power and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase, possess, and carry firearms. The New Jersey restrictions on the public carrying of firearms at issue in this case are thus a direct

affront to ANJRPC's central mission. ANJRPC has tens of thousands of members who reside in New Jersey. ANJRPC brings the claims herein on behalf of its members. Plaintiff Rogers is a member of ANJRPC.

12.     Defendant Gurbir Grewal is the Attorney General of New Jersey. As Attorney General, he exercises, delegates, or supervises all the powers and duties of the New Jersey Department of Law and Public Safety, including the Division of State Police within that Department, which is responsible under N.J.S.A. 2C:58-4 for executing and enforcing New Jersey's laws and regulations governing the carrying of firearms in public. His official address is Office of The Attorney General, RJ Hughes Justice Complex, 25 Market Street, Box 080, Trenton, NJ 08625. He is being sued in his official capacity.

13.     Defendant Patrick J. Callahan is the Acting Superintendent of the New Jersey Division of State Police. As Acting Superintendent, subject to the oversight and supervision of the Attorney General, he exercises, delegates, or supervises all the powers and duties of the New Jersey Division of State Police, which is responsible under N.J.S.A. 2C:58-4 for executing and enforcing New Jersey's laws and regulations governing the carrying of firearms in public. His official address is Office of the Superintendent, New Jersey State Police, P.O. Box 7068, West Trenton, NJ 08628. He is being sued in his official capacity.

14.     Defendant Kenneth J. Brown, Jr. is the Chief Police Officer of Wall Township, New Jersey. Pursuant to N.J.S.A. 2C:58-4, he is responsible for receiving applications from residents of Wall Township for a permit to carry a handgun, investigating the applicant, and either approving or denying the application. His official address is Wall Township Police Department, 2700 Allaire Rd., Wall Township, NJ 07719. He is being sued in his official capacity.

15.     Defendant Joseph W. Oxley is a Judge of the Superior Court of New Jersey, Law Division, Monmouth County. Pursuant to N.J.S.A. 2C:58-4, he is responsible for reviewing applications from residents of Monmouth County for a permit to carry a handgun, once those applications have been approved or denied by the Chief Police Officer or Superintendent, and either issuing or denying a permit. His official address is Monmouth County Courthouse, 71 Monument Park, 2nd Floor, Freehold, NJ 07728. He is being sued in his official capacity, insofar as he performs the functions delegated him by N.J.S.A. 2C:58-4.

16.     Defendant N. Peter Conforti is a Judge of the Superior Court of New Jersey, Law Division, Sussex County. Pursuant to N.J.S.A. 2C:58-4, he is responsible for reviewing applications from residents of Sussex County for a permit to carry a handgun, once those applications have been approved or denied by the Chief Police Officer or Superintendent, and either issuing or denying a permit. His official address is Sussex County Courthouse, 43-47 High Street, 2nd Floor, Newton, NJ 07860. He is being sued in his official capacity, insofar as he performs the functions delegated him by N.J.S.A. 2C:58-4.

## FACTUAL ALLEGATIONS

### New Jersey's "Justifiable Need" Requirement

17.     New Jersey law generally forbids any person to "ha[ve] in his possession any handgun . . . , without first obtaining a permit to carry the same." N.J.S.A. 2C:39-5(b). While state law provides certain exceptions to this general ban—including one for "keeping or carrying [a firearm] about [one's] place of business, residence, premises or other land owned or possessed by him," *id.* § 2C:39-6(e), these exceptions do not allow the carrying of a handgun in public, either openly or concealed, without first obtaining a permit. Violating this ban is a crime in the second degree, punishable by between five and ten years imprisonment and a fine of up to $150,000. *Id.* §§ 2C:39-5(b), 2C:43-3(a)(2), 2C43-6(a)(2).

7

18.     New Jersey accordingly allows an individual to carry a handgun in public only if he first obtains a permit to do so (a "Handgun Carry Permit"). To be eligible for a Handgun Carry Permit, an applicant must satisfy numerous criteria. For example, he must not have been convicted of any crime or offense involving an act of domestic violence; must not be addicted to controlled substances, mentally infirm, or an alcoholic; must not be subject to certain restraining orders; and must not be listed on the FBI's Terrorist Watchlist. *Id.* §§ 2C:58-4(c); 2C:58-3(c). An applicant must also pass criminal and mental health background checks, *id.* § 2C:58-4(c), must provide three reputable references who certify that he "is a person of good moral character," *id.* § 2C:58-4(b), and must have satisfied extensive firearms safety training requirements, N.J.A.C. 13:54-2.4(b).

19.     In addition to these rigorous screening and training requirements, a law-abiding citizen may only be granted a Handgun Carry Permit if he demonstrates "that he has a justifiable need to carry a handgun." N.J.S.A. 2C:58-4(c).

20.     The New Jersey Division of State Police has issued regulations further implementing the statutory requirements governing Handgun Carry Permits. *See* N.J.A.C. 13:54-2.1 *et seq.* Those regulations provide that "in the case of a private citizen," the "justifiable need" requirement is satisfied only if the applicant can "specify in detail the urgent necessity for self-protection, as evidenced by serious threats, specific threats, or previous attacks, which demonstrate a special danger to the applicant's life that cannot be avoided by reasonable means other than by issuance of a permit to carry a handgun." *Id.* § 13:54-2.4(d)(1). Those regulations further provide that "[w]here possible the applicant shall corroborate the existence of any specific threats or previous attacks by reference to reports of such incidents to the appropriate law enforcement agencies . . . ." *Id.*

21.     In further interpreting this "justifiable need" requirement, New Jersey's Supreme Courts has determined that "[g]eneralized fears for personal safety are inadequate, and a need to protect property alone does not suffice." *In re Preis*, 573 A.2d 148, 152 (N.J. 1990).

22.     Accordingly, typical law-abiding citizens of New Jersey—the vast majority of responsible citizens who cannot "demonstrate a special danger to [their] life" as "evidenced by serious threats, specific threats, or previous attacks," N.J.A.C. 13:54-2.4(d)(1)—effectively remain subject to a flat ban on carrying handguns outside the home.

### New Jersey's Handgun Carry Permitting Process

23.     To obtain a Handgun Carry Permit, an individual must first apply to the Chief Police Officer of the municipality where he resides—or, if he resides out of State or in a municipality without a Chief Police Officer, to the Superintendent of State Police. N.J.S.A. 2C:58-4(c). Only if the officer (or the Superintendent) concludes, after investigation, that the applicant meets all statutory requirements—including the "justifiable need" standard—may he approve an application for a Handgun Carry Permit. *Id.*

24.     If the application is approved by the Chief Police Officer or Superintendent, the applicant shall then present it to the Superior Court of the county where he resides. *Id.* § 2C:58-4(d). If the application is denied, the applicant may also appeal that denial to the Superior Court. *Id.* § 2C:58-4(e). In either case, the Superior Court must then independently determine whether the applicant has satisfied all statutory requirements and "has a justifiable need to carry a handgun." *Id.* § 2C:58-4(d).

25.     If the Superior Court concludes that these requirements are met, it may then issue a Handgun Carry Permit—or, it may "at its discretion issue a limited-type permit which would restrict the applicant as to the types of handguns he may carry and where and for what purposes

such handguns may be carried." *Id.* But the Superior Court is not bound by the decision of the Chief Police Officer and can also deny a permit that was approved by the Chief Police Officer.

26.     In reviewing approved applications and issuing permits, the Superior Court acts as an "issuing authority" and performs "essentially an executive function" that is "clearly non-judicial in nature." *In re Preis*, 573 A.2d at 151, 154.

## Defendants' Refusal to Issue Plaintiffs Handgun Carry Permits

27.     Plaintiff Rogers is an adult citizen and resident of New Jersey. He is not a law enforcement official or a member of the armed forces, and he does not fall within any of the other exceptions enumerated in N.J.S.A. 2C:39-6 to New Jersey's ban on carrying handguns in public.

28.     Plaintiff Rogers does, however, possess all of the qualifications necessary to obtain a Handgun Carry Permit that are enumerated in N.J.S.A. 2C:58-4; 2C:58-2(c). For example, he has not been convicted of any crime of domestic violence; he is not addicted to controlled substances, mentally infirm, or an alcoholic; he is not subject to any restraining orders; and he is not listed on the FBI's Terrorist Watchlist. He has also passed all required background checks, has provide the three required references, and has satisfied the State's firearms safety training requirements.

29.     Plaintiff Rogers does not face any special danger to his life. He does, however, desire to carry a handgun in public for the purpose of self-defense. Many years ago, Plaintiff Rogers was robbed at gunpoint while working as the manager of a restaurant; and he currently runs a large ATM business that causes him to frequently service ATM machines in high-crime areas. Accordingly, Plaintiff Rogers desires to carry a handgun for self-defense when he is in public, and he would do so now, were it not for Defendants' enforcement of New Jersey's ban on the public carrying of handguns.

30.     On January 11th, 2017, Plaintiff Rogers applied to Robert Brice, the then-Chief of Police for Wall Township, the town where Mr. Rogers resides, for a permit to carry a handgun in public.

31.     On August 15, 2017, after investigation, Defendant Kenneth Brown, Jr.—who by that point had replaced Mr. Brice as Chief of Police for Wall Township—denied Plaintiff Rogers's application. Letter from Kenneth Brown, Jr., Chief of Police, to Mr. Tom Rogers (Aug. 15, 2017) (attached as Exhibit 1). Defendant Brown did not determine that Mr. Rogers was ineligible for any of the reasons enumerated in N.J.S.A 2C:58-3(c), nor did he dispute that Mr. Rogers is "thoroughly familiar with the safe handling and use of handguns," *id.* § 2C:58-4(c), as that phrase is defined in N.J.A.C. 13:54-2.4(b). Instead, Chief Brown concluded that Mr. Rogers failed to show a "justifiable need" to carry a firearm in public, because he did not "demonstrate a special danger to the [his] life" on the basis of "serious threats, specific threats, or previous attacks." N.J.S.A 2C:58-4(c); N.J.A.C. 13:54-2.4(d)(1).

32.     Plaintiff Rogers appealed Defendant Brown's denial of his application to the Superior Court of New Jersey, Law Division, Monmouth County.

33.     On January 2, 2018, Defendant Joseph W. Oxley, a judge of the Superior Court, Law Division, Monmouth County, after a hearing on Plaintiff Rogers's appeal, also denied his application for a Handgun Carry Permit. Opinion and Order, *In the Matter of the Appeal of Denial of a Permit To Carry A Handgun For: Thomas Rogers*, G.P. No. 2017-024 (N.J. Sup. Ct. Monmouth Cty., Jan. 2, 2018) (attached as Exhibit 2). Like Defendant Brown, Defendant Oxley did not determine that Mr. Rogers was ineligible for a permit or that he had failed to satisfy the statutory and regulatory training requirements. Instead, Judge Oxley concluded that Mr. Rogers failed to show a "justifiable need" to carry a firearm in public because he did not "demonstrate a

special danger to the [his] life" on the basis of "serious threats, specific threats, or previous attacks." N.J.S.A 2C:58-4(c); N.J.A.C 13:54-2.4(d)(1).

34.     In light of Defendants' denial of his application, Plaintiff Rogers continues to refrain from carrying a handgun outside the home for self-defense in New Jersey for fear of arrest and prosecution. Plaintiff Rogers would carry a handgun in public for self-defense in New Jersey were it lawful for him to do so.

35.     Plaintiff ANJRPC has at least one member who has had an application for a Handgun Carry Permit denied solely for failure to satisfy the "justifiable need" requirement. For example, Kenneth George Warren is an adult citizen and resident of Sussex, New Jersey. Mr. Warren possesses all necessary qualifications to obtain a Handgun Carry Permit and has passed all required background checks and satisfied all other requirements. *See* N.J.S.A. 2C:58-4; 2C:58-2(c). Though he does not currently face any specific threats, Mr. Warren has been threatened several times in the past, in both 2004 and 2008, and he frequently travels in remote areas for his work. Accordingly, in 2017, Mr. Warren applied to the Superintendent of State Police for a permit to carry a handgun in public for the purpose of self-defense. (Sussex currently has no Chief of Police.) On or about October 11, 2017, Defendant Callahan approved Mr. Warren's application, contingent on a finding by a Superior Court judge of justifiable need. On January 31, 2018, however, Defendant Conforti denied Mr. Warren's application. Defendant Conforti found that Mr. Warren satisfied all necessary training and eligibility requirements, but he concluded that he had failed to show a "justifiable need" to carry a firearm in public because he did not "demonstrate a special danger to [his] life" on the basis of "serious threats, specific threats, or previous attacks." N.J.S.A 2C:58-4(c); N.J.A.C 13:54-2.4(d)(1). In light of the denial of his application, Mr. Warren continues to refrain from carrying a handgun outside the home for self-defense in New Jersey for

fear of arrest and prosecution. Mr. Warren would carry a handgun in public for self-defense in New Jersey were it lawful for him to do so.

36.     Plaintiff ANJRPC has numerous members who wish to carry a handgun outside the home for self-defense but have not applied for a Handgun Carry Permit because they know that, although they satisfy or can satisfy all other requirements of N.J.S.A. 2C:58-4, they are unable to satisfy the "justifiable need" requirement. But for Defendants' continued enforcement of the New Jersey laws and regulations set forth above, those members would forthwith carry a handgun outside the home for self-defense but refrain from doing so for fear of arrest and prosecution.

## COUNT ONE

### 42 U.S.C. § 1983 Action for Deprivation of Plaintiffs' Rights under U.S. CONST. amends. II and XIV

37.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs.

38.     The Second Amendment's guarantee of "the right of the people to keep and bear Arms" secures to law-abiding, responsible, adult citizens the fundamental constitutional right to bear arms outside the home. U.S. CONST. amend. II.

39.     This Second Amendment right to bear arms in public applies against the State of New Jersey under U.S. CONST. amend. XIV.

40.     This Second Amendment right to bear arms in public cannot be subject to a government official's discretionary determination of whether a law-abiding citizen has a "justifiable need" to exercise that right.

41.     A government restriction that limits the right to bear arms in public to only those few, favored citizens who can demonstrate that they face a special danger to their life effectively operates as a flat ban on the carrying of firearms by *typical* law-abiding citizens, who by definition cannot demonstrate this kind of *atypical* need to bear arms.

42.     By infringing the Second Amendment right to bear arms in public in these ways, the New Jersey laws and regulations discussed in the foregoing allegations violate the Second Amendment, which applies to Defendants by operation of the Fourteenth Amendment, both facially and as applied to Plaintiffs Rogers and members of ANJRPC, and they are therefore invalid.

## PRAYER FOR RELIEF

43.     WHEREFORE, Plaintiffs pray for an order and judgment:

a.     Declaring that New Jersey's "justifiable need" requirement violates the Second and Fourteenth Amendments and is thus devoid of any legal force or effect;

b.     Enjoining Defendants and their employees and agents from denying Handgun Carry Permits to applicants on the basis of New Jersey's "justifiable need" requirement;

c.     Enjoining Defendants and their employees and agents from enforcing the New Jersey laws and regulations establishing and defining the "justifiable need" requirement, including N.J.S.A 2C:58-4(c) and N.J.A.C. 13:54-2.4(d);

d.     Ordering Defendants and their employees and agents to issue Handgun Carry Permits to Plaintiffs Rogers and members of Plaintiff ANJRPC;

e.     Awarding Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action, pursuant to 42 U.S.C. § 1988; and

f.     Granting such other and further relief as this Court deems just and proper.

Dated: February 5, 2018                    Respectfully submitted,


David H. Thompson*                         s/Daniel L. Schmutter
Peter A. Patterson*                        Daniel L. Schmutter
John D. Ohlendorf*                         HARTMAN & WINNICKI, P.C.
COOPER & KIRK, PLLC                        74 Passaic Street
1523 New Hampshire Avenue, N.W.            Ridgewood, New Jersey 07450
Washington, D.C. 20036                     (201) 967-8040
(202) 220-9600                             (201) 967-0590 (fax)
(202) 220-9601 (fax)                       dschmutter@hartmanwinnicki.com
dthompson@cooperkirk.com

    *Pro hac vice application forthcoming

                    Attorneys for Plaintiffs

### DECLARATION OF COUNSEL PURSUANT TO LOCAL CIV. R. 11.2

The undersigned hereby states that the matter in controversy is not the subject of any other

action pending in any court, or of any pending arbitration or administrative proceeding.

I declare under penalty of perjury that the foregoing is true and correct.


s/Daniel L. Schmutter
Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*Attorney for Plaintiffs*

Dated: February 5, 2018

16