<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THOMAS R. ROGERS and ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., : : : : Plaintiffs, : v. : : GURBIR GREWAL, PATRICK J. : CALLAHAN, KENNETH J. BROWN, JR., : JOSEPH W. OXLEY, and PETER : CONFORTI : : Defendants. : | Civil Action No. 3:18-cv-01544-BRM-DEA<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before this Court are: (1) Defendants Gurbir Grewal ("Attorney General Grewal"), Patrick J. Callahan ("Callahan"), Joseph W. Oxley ("Judge Oxley"), and N. Peter Conforti's ("Judge Conforti") (collectively, the "State Defendants") Motion to Dismiss (ECF No. 16); and (2) Defendant Kenneth J. Brown's ("Brown") (together with the State Defendants, the "Defendants") Motion to Dismiss, in which he advises he will rely upon the State Defendants' Motion (ECF No. 18). Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Defendants' motions to dismiss are **GRANTED.**

**I.      BACKGROUND**

For the purposes of the motions to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The central dispute in this matter is whether New Jersey's "justifiable need" restriction in its handgun permit laws is unconstitutional.

**A.  New Jersey's Handgun Permit Laws**

New Jersey generally forbids a person from possessing any handgun "without first obtaining a permit to carry the same." N.J.S.A. § 2C:39-5(b). The law provides for certain exceptions for

> keeping or carrying about his place of business, residence, premises or other land owned or possessed by him, any firearm, or from carrying the same, in the manner specified in subsection g. of this section, from any place of purchase to his residence or place of business, between his dwelling and his place of business, between one place of business or residence and another when moving, or between his dwelling or place of business and place where the firearms are repaired, for the purpose of repair.

N.J.S.A. § 2C:39-6(e). These exceptions, however, do not permit the carrying of a handgun in public, either openly or concealed, without first obtaining a permit.

To seek a handgun permit one must first submit an application to the chief police officer of the municipality in which he or she resides. N.J.S.A. § 2C:58-4(c). If the chief officer determines the applicant meets all statutory requirements and approves the application, the application is then presented to the Superior Court of the county where he or she resides. N.J.S.A.§ 2C:58-4(d).

> The court shall issue the permit to the applicant if, but only if, it is satisfied that the applicant is a person of good character who is not subject to any of the disabilities set forth in section 2C:58-3x., that he is thoroughly familiar with the safe handling and use of handguns, and that he has a justifiable need to carry a handgun.

2

*Id.* For a "private citizen," to satisfy the "justifiable need" requirement an applicant must demonstrate there is an "urgent necessity for self-protection, as evidenced by serious threats, specific threats, or previous attacks, which demonstrate a special danger to the applicant's life that cannot be avoided by reasonable means other than by issuance of a permit to carry a handgun." N.J.A.C. § 13:54-2.4(d)(1). However, if the application is denied, the applicant can also appeal the denial to the Superior Court. N.J.S.A. § 2C:58-4(e).

### B. The Parties

Plaintiff Thomas R. Rogers ("Rogers") is a New Jersey resident who requested, and was denied, a permit to carry a firearm in public. (Compl. (ECF No. 1) ¶¶ 10, 30-33.) Association of New Jersey Rifle & Pistol Clubs, Inc. ("ANJRPC") (together with Rogers, "Plaintiffs") is a not-for-profit membership corporation that "represents the interest of target shooters, hunters, competitors, outdoors people and other law abiding firearms owners," and is bringing this complaint on behalf of its members. (*Id.* ¶ 11.) Defendants are Attorney General Grewal, the Attorney General of New Jersey; Callahan, the Acting Superintendent of the New Jersey State Police; Brown, the Chief of the Wall Township Police Department; Judge Oxley, a judge for the Superior Court of New Jersey, Law Division, Monmouth County, and Judge Conforti, a judge for the Superior Court of New Jersey, Law Division, Sussex County. (*Id.* ¶¶ 12-16.)

### C. Plaintiffs' Challenge

On January 11, 2017, Rogers filed an application for a handgun carry permit with the then-Chief of Police for Wall Township, where he resides. (*Id.* ¶ 30.) While Rogers alleges he "possess[es] all of the qualifications necessary to obtain a [h]andgun [c]arry [p]ermit that are enumerated in N.J.S.A. 2C:58-4; 2C:58-2(c)," he admittedly "does not face any special danger to his life." (*Id.* ¶¶ 28-29.) On August 15, 2017, Brown, who replaced the former Chief of Police,

3

denied Roger's application for a permit to carry a handgun in public because Rodgers "failed to show a 'justifiable need' to carry." (*Id.* ¶ 31.) Rodgers appealed the denial to the Superior Court of New Jersey. (*Id.* ¶ 32.) On January 2, 2018, Judge Oxley also denied his application for the same reason. (*Id.* ¶ 33.)

ANJRPC "has at least one member who has had an application for [h]andgun [c]arry [p]ermit denied solely for failure to satisfy the 'justifiable need' requirement." (*Id.* ¶ 35.) It also

> has numerous members who wish to carry a handgun outside the home for self-defense but have not applied for a [h]andgun [c]arry [p]ermit because they know that, although they satisfy or can satisfy all other requirements of N.J.S.A. 2C:58-4, they are unable to satisfy the 'justifiable need' requirement.

(*Id.* ¶ 33.) ANJRPC states that, "[b]ut for Defendants' continued enforcement of the New Jersey laws and regulations set forth above, those members would forthwith carry a handgun outside the home for self-defense but refrain from doing so for fear of arrest and prosecution." (*Id.*)

### D. Procedural History

On February 5, 2018, Plaintiffs filed a Complaint against Defendants alleging a violation of 42 U.S.C. § 1983 for deprivations of their Second and Fourteenth Amendment rights. (*Id.* ¶¶ 37-42.) On April 3, 2018, Defendants Callahan, Judge Conforti, Attorney General Grewal, and Judge Oxley filed a Motion to Dismiss. (ECF No. 16.) On April 10, 2018, Brown joined in the Motion to Dismiss. (ECF No. 18.) Plaintiffs opposed the motions on April 23, 2018. (ECF No. 22.) The motions were returnable today, May 21, 2018.

## II.    LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of*

*Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   DECISION**

Plaintiffs' Complaint alleges New Jersey's laws and regulations regarding the right to bear arms in public "violate the Second Amendment." (ECF No. 1 ¶ 42.) As such, they ask the Court to declare unconstitutional the "justifiable need" requirement. (*Id.* ¶ 43.) However, this Court has no authority to grant Plaintiffs' requested relief, because the Third Circuit in *Drake v. Filko* explicitly and unequivocally upheld the constitutionality of New Jersey's "justifiable need" requirement in its gun permit laws, rendering Plaintiffs' claim meritless. 724 F.3d 426, 429 (3d Cir. 2013) (holding that the requirement that applicants demonstrate a "justifiable need" to publicly carry a handgun qualified as a "presumptively lawful," "longstanding" regulation and therefore did not infringe on the Second Amendment's guarantee), *cert. denied sub nom.*, 134 S. Ct. 2134 (2014).

Indeed, this is not the first time an individual has attempted to circumvent the Third Circuit decision and has been denied. *Purpura v. Christie*, No. 15-3534, 2016 WL 1262578, at *4 (D.N.J. Mar. 31, 2016) (finding "the Court is concerned that Plaintiff may not have asserted a federally protected right in his Complaint, to the extent his claim is based on the alleged unconstitutional nature of N.J.S.A. 2C:58-4, because the Third Circuit held that this provision is constitutional"), *aff'd*, 687 F. App'x 208 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 389 (2017); *Stephens v. Jerejian*, No. 14-6688, 2015 WL 4749005, at *2 (D.N.J. Aug. 6, 2015) ("Here, though Plaintiff applied for the proper documents to purchase handguns, as opposed to carry handguns, the Third Circuit's jurisprudence indicates that the herein challenged firearm regulations, which are central to New Jersey's aggregate firearm regulatory scheme, are constitutional under Heller. Therefore, the law provides no remedy for Plaintiff, and his facial challenges are dismissed with prejudice.") (internal citations omitted); *Mirayes v. O'Connor*, No. 13-0934, 2013 WL 6501741, at *8 (D.N.J. Dec. 11,

2013 (finding plaintiff's claim to be meritless because "the Third Circuit has upheld the constitutionality of New Jersey's 'justifiable need' requirement under N.J.S.A. 2C:58–4(c)").

"Decisions of the Court of Appeal for a given circuit are binding on the district courts within the circuit, but are not binding on courts in other circuits." *Villines v. Harris*, 487 F. Supp. 1278, 1279 n.1 (D.N.J. 1980). This Court "does not have the discretion to disregard controlling precedent simply because it disagrees with the reasoning behind such precedent." *Vujosevic v. Rafferty*, 844 F.2d 1023, 1030 n.4 (3d Cir. 1988). This Court may only set aside Third Circuit precedent "[w]hen subsequent Supreme Court decisions implicate Third Circuit precedent" and "the Supreme Court has effectively overruled that precedent or has rendered a decision that is necessarily inconsistent with Third Circuit authority." *Fenza's Auto, Inc. v. Montagnaro's, Inc.*, No. 10-3336, 2011 WL 1098993, at *7 (D.N.J. Mar. 21, 2011). Plaintiffs cite to no subsequent Supreme Court decisions, and the Court finds none, that implicate the precedent set forth in *Drake*. Instead, Plaintiffs argue this Court should follow *Wrenn v. District of Columbia*, 864 F.3d 650 (D.C. Cir. 2017), a case that is neither binding on nor precedential to this Court and cannot serve to overturn Third Circuit precedent. *See Villines*, 487 F. Supp. at 1279 n.1.

More telling, Plaintiffs concede both in their Complaint and Opposition Brief "that the result they seek is contrary to *Drake*," but argue *Drake* was wrongly decided and should be overturned. (ECF Nos. 1 ¶ 6 and ECF No. 22 at 2.) As explained, this Court does not have the authority or power to grant such a request and therefore, deems this Complaint meritless on its face.

In light of the clear mandate from the Third Circuit that the "justifiable need" requirement in New Jersey's gun permit laws is constitutional and the Supreme Court's refusal to address the

issue by denying certiorari, and for the reasons set forth above, Defendants' motions to dismiss are **GRANTED**.[1]

IV. CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are **GRANTED**.


Date: May 21, 2018                                         */s/ Brian R. Martinotti*
                                                           **HON. BRIAN R. MARTINOTTI**
                                                           **UNITED STATES DISTRICT JUDGE**

---

[1] For the reasons set forth in this opinion, the Court will not engage in a merits analysis of the remainder of Plaintiffs' arguments. In addition, Defendants' motions to dismiss further argue Plaintiffs' claims against Judge Oxley and Judge Conforti are barred by the doctrine of judicial immunity. (ECF No. 16-3 at 17-20.) Because the Court has dismissed Plaintiffs' Complaint in its entirety, it need not and will not address this issue.

8